David M. Lilienstein   (State Bar No. 218923)
DL LAW GROUP
345 Franklin St.
San Francisco, California 94102
Telephone: (415) 678-5050
Facsimile:  (415) 358-8484
E-mail:  david@dllawgroup.com

Attorney for Plaintiff,
DAVID HABERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HABERMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, REALIZATION TECHNOLOGIES, INC. LONG TERM DISABILITY PLAN and DOES 1 through 10,<br><br>　　　　Defendants. | Case No.  CV 14-3576<br><br>**COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

　　　　Plaintiff, Mr. David Haberman ("Haberman," or "Plaintiff"), herein sets forth the allegations of this Complaint against Defendants THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("GUARDIAN"), REALIZATION TECHNOLOGIES INC. LONG TERM DISABILITY PLAN, and DOES 1 through 10.

## **PRELIMINARY ALLEGATIONS**

## **JURISDICTION**

　　1.　　Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) of

1

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. CV 14-3576**

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B), and 29 U.S.C. Section 1132 (c) (1), and for equitable relief pursuant to ERISA Section 502 (a) (3), 29 U.S.C. Section 1132 (a) (3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to: past disability benefits in the correct amount related to Defendant(s)' improper denial of Plaintiff's disability claim; prejudgment and postjudgment interest; and attorneys' fees and costs.

**INTRADISTRICT ASSIGNMENT**

2. A portion of the events the give rise to this action occurred in Alameda County, therefore venue is proper under 29 U.S.C. §1132(e).

3. This action may be assigned to the San Francisco or Oakland Division of this Court, pursuant to Local Rule 3-2.

**PARTIES**

4. At all relevant times, Plaintiff was a participant, as defined by ERISA Section 3 (7), 29 U.S.C. Section 1002 (7), in Defendant REALIZATION TECHNOLOGIES INC. LONG TERM DISABILITY PLAN ("the Plan"), underwritten by Defendant GUARDIAN.

5. Plaintiff was at all times relevant an employee of Realization Technologies, Inc., and was a resident of California.

6. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA Section 3 (1), 29 U.S.C. Section 1002 (1), sponsored by Plaintiff's employer. At all relevant times, the Plan offered, *inter alia*, long-term disability ("LTD")

benefits to employees, including Plaintiff.  This action involves claims made and denied under the LTD plan.

**FACTS**

7. Plaintiff worked at Realization Technologies, Inc. as a Director of Marketing.

8. Plaintiff was involved in a motorcycle accident that almost killed him.  He survived the accident, but suffered from multiple traumas and underwent many surgeries and years of physical therapy to treat his injuries.  Mr. Haberman has never fully recovered, and will never fully recover from his injuries.  He not lives in constant pain, has loss of movement, hernias, bone fractures, torn ligaments, calcium deposits in his limbs, nerve damage, forgetfulness, and loss of concentration and mental agility.  His pain is intense and constant.

9. Despite his injuries, Mr. Haberman refused to acknowledge his many physician and mental deficits, and did his best to continue working.  However, after several failed attempts to return to work, he accepted that he was disabled.  He is in constant pain and cannot concentrate or perform complex math due to the effects of heavy pain medication, nor can he sit or stand for more than a few minutes at a time.  Even basic activities of daily living are compromised.  For example, Mr. Haberman cannot read for more than a few minutes at a time.

10. Medical professionals who have treated Plaintiff confirm that Plaintiff is unable to return to full-time work as a result of his pain, fatigue, joint stiffness, difficulty concentrating, anxiety, and unhealed injuries.

11. As a result of his disabling conditions, Plaintiff filed a claim for long term disability benefits with Guardian.  Guardian denied Mr. Haberman's claim on December 30, 2013.

12. Plaintiff appealed the denial of his long term disability benefits on approximately April 30, 2014.

13. On appeal Guardian conceded that Mr. Haberman was disabled, but,

incredibly, only for one five day period, one six day period, and one four day period, despite no improvement in Mr. Haberman's many disabling conditions. Aside from these tiny periods of total disability, Guardian refuses to pay and to continue to pay Mr. Haberman the long term total disability payments to which he is due.

14. Plaintiff has exhausted all administrative remedies regarding the denial of claim for his LTD benefits.

15. Plaintiff timely appealed Guardian's denial of his LTD benefits. To date Guardian has not paid Plaintiff long term disability benefits due him under the terms and conditions of his Plan.

## CLAIM FOR RELIEF
**(Against all Defendants, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Postjudgment Interest, and Attorney's Fees and Costs, Pursuant to (ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B))**

16. Plaintiff incorporates Paragraphs 1 through 15 as thoroughly set forth herein.

17. ERISA Section 502 (a) (1) (B), 29 U.S.C.A. Section 1132 (a) (1) (B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

18. At all relevant times, Plaintiff has been totally disabled under the terms and conditions of the LTD plan at issue herein.

19. By DENYING in part Plaintiff's LTD claim, and refusing to issue a timely decision on Plaintiff's appeal, Guardian has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

20. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants, and or each of them, violated the terms of the Plan by declining to provide Plaintiff with LTD benefits;

B.   Order Defendants, and or each of them, to pay Plaintiff LTD benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

C.   Order statutory penalties available under 29 U.S.C. §1132(c)(1);

D.   Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g);

E.   Provide such other relief as the Court deems equitable and just.

Dated:  August 7, 2014

Respectfully submitted,

DL LAW GROUP

By:   /s/
David M. Lilienstein, Esq.
Attorneys for Plaintiff, DAVID HABERMAN